J^EDWIN A. LOMBARD, Judge.
Plaintiffs/appellants, Randolph Scott and RS Security, Inc., appeal the judgment of the trial court maintaining the Peremptory Exception of No Cause of Action filed by defendant/cross-appellant, the City of New Orleans, entering judgment in favor of defendant/cross-appellant, and dismissing the action filed by plaintiffs/appellants. Defendant/cross-appellant, the City of New Orleans, appeals the trial court’s denial of its Exception of Prescription. Upon review, we reverse in part and affirm in part, finding that the action has prescribed.

Relevant Facts

Randolph Scott (“Scott”) is employed as an Administrative Analyst in the Division of Housing and Neighborhood Development (DHND) of the City of New Orleans (“the City”). Scott is also sole shareholder in R.S. Security, Inc. (“RSS”), a corporation providing security services to businesses in New Orleans.
In his role as an Administrative Analyst for the City, Scott was the project monitor for Covenant House, a non-profit organization and recipient of federal funds, charged with ensuring Covenant House’s compliance with Housing and Urban Development regulations. As agent for RSS, the security company of which he was the sole shareholder, Scott solicited Covenant *319 House for a contract to ^provide security services. Scott’s solicitation was successful and on October 6, 1994, during his negotiations with Covenant House, he advised his supervisor of the potential contract- and requested a transfer if this created a conflict of interest. On October 13, 1994, after his request for a transfer was denied, Scott sent an interoffice memorandum to his supervisor’s superior requesting a transfer and that the matter be reviewed under the conflict of interest regulations. RSS entered into the contract for security services with Covenant House on October 17, 1994. Scott’s supervisors requested advice on the matter from the City Attorney. On December 29,1994, the City Attorney, issued an opinion stating that the contract between RSS and Covenant House violated the City’s Home Rule Charter and the City and State Code of Ethics. Based on this opinion, Scott received an ultimatum from DHND dated January 18, 1995, requiring him to: (1) terminate his interest in RSS; (2) resign from his employment with the City; or (3) terminate the contract between Covenant House and RSS. On February 14, 1995, Scott and RSS filed a petition for injunction, preliminary injunction, and temporary restraining order in Civil District Court, seeking to 'enjoin the City from forcing RSS to terminate the contract through taking or threatening to take disciplinary action against Scott. In response, the City filed an exception of lack of subject, matter jurisdiction, contending that the Civil Service Commission had exclusive jurisdiction over disciplinary actions taken against classified employees of the City. The trial court sustained the City’s exception of lack of jurisdiction and rendered judgment against the plaintiffs on February 17,1995. RSS did not appeal the trial court decision. The contract between RSS and Covenant House was terminated on February 17,1995.
• [¡¡Scott filed an appeal with the City Service Commission (“the Commission”). On July 14,1995, the City filed an exception of no' cause of action, alleging that because no disciplinary action had been taken against Scott, the Commission had no grounds upon which to consider an appeal. On January 10, 1996, the Commission maintained the exception of no cause of action, holding that the issue was moot because no disciplinary action had been taken against Scott. On appeal, this court found that the ultimatum made to Scott constituted discipline and, accordingly, reversed the ruling on the exception and remanded the matter to the Commission for a decision on the merits. Scott v. DHND, 97-0636 (La.App. 4 Cir. 12/3/97) 703 So.2d 218, writ denied, 98-3/27/98, 716 So.2d 885 (“Scott I”).
Subsequently,’ the Commission ruled that the appointing authority (the City) failed to present any evidence to support charges against Scott of violations of the specific provisions of the Home Rule Charter and ethics codes cited in the City Attorney’s opinion, that the contract between RSS and Covenant House was in violation of Sections 42:111(C)(2)(d) and 42:115(a) of the State Code of Ethics, and that Scott failed to prove his claim of political discrimination. On April 26, 2000, this court affirmed the Commission’s ruling that the City failed to prove violation of specific ethical provisions of the Home Rule Charter or the City Code of Ethics, reversed the Commission’s ruling that the contract between RSS and Covenant House violated specific provisions of the State Ethics Code, and affirmed the Commission’s ruling that Scott failed to prove his claim of political discrimination. Scott v. Office of Housing and Urban Affairs, 99-2446 (La.App. 4 Cir. 4/26/00) 759 So.2d 1002 (“Scott III”).[1]
*320 |4On March 28, 2002, Scott filed a Motion for Restoration with the Commission seeking an order directing the City to restore profits lost by RSS as a result of the City’s action. The Commission denied this motion for lack of subject matter jurisdiction on April 15, 2002.
On March 14, 2003, Scott and RSS filed this tort action. In response, the City filed peremptory exceptions of prescription and no cause of action. After a hearing on the exceptions, the trial court issued a written judgment on October 23, 2003, denying the exception of prescription and maintaining the exception of no cause of action.
On appeal, Scott and RSS contend that the trial court erred in holding that the plaintiffs did not state an action for tortuous interference with contractual relations. On cross-appeal, the City contends that the plaintiffs’ cause of action has prescribed.

Discussion

In Louisiana, a tort claim for damage is subject to a one-year prescriptive period. La. Civ.Code art. 3492. The alleged tortuous action in this case is the ultimatum issued to Scott by his employer in January 1995. Scott and RSS contend that this lawsuit was timely filed because prescription did not start to run on their action for tortuous interference with a contract until April 15, 2002, the date the Commission denied the Motion for Restoration for lack of subject matter jurisdiction. We disagree.
The contract between RSS and Covenant House was terminated on February 17, 1995. RSS did not appeal the trial court’s dismissal of its petition for | sinjunctive relief, did not file a suit for damages based upon the terminated contract, and was not a party to subsequent appeals filed by Scott with the Commission and with this court pertaining to the validity of the disciplinary action taken against him by the City. Clearly, RSS was on notice of the City’s alleged tortious interference by the date its contract with Covenant House was terminated and any action against the City prescribed one year later.
Even accepting arguendo that, independent of RSS, Scott has an action against the City for tortious interference with the RSS contract with Covenant House and that the prescriptive period on such action was tolled by the disciplinary appeal process pursued by Scott, such action prescribed a year after the Scott III decision became final. Research reveals no support for Scott’s contention that the prescriptive period continued to be tolled by the filing of the motion with the Civil Service Commission that was subsequently dismissed for lack of subject matter jurisdiction.
Because any action against the City has clearly prescribed, we do not address appellant’s arguments that the trial court erred in maintaining the City’s exception for no cause of action.

Conclusion

For the foregoing reasons, we reverse the trial court’s denial of defendant/cross-appellant’s exception of prescription and affirm the trial court’s dismissal of this action.
*321 REVERSED IN PART; AFFIRMED IN PART; DISMISSED.

. In addition to the two appeals filed in this court, Scott also filed an application for supervisory writ, In re: Randolph Scott Applying for Writ of Mandamus to the Civil Service Commission, No. 9902276 (La.App. 4 Cir. 7/22/99). Because the appellant's briefs refer to the writ disposition as Scott II, to avoid confusion we refer to the second appeal in this case as Scott III.